## ROCH J. LIZEE v. FRANK ROBERT.[1]

November 10, 1905.

Nos. 14,513—(60).

**Accounting between Partners.**

> An action to recover money had and received. *Held*, admitting that the answer set up a counterclaim which presented an issue for an accounting, the evidence was not sufficient to justify the court in holding that according to the partnership agreement respondent was to furnish all of the stock, implements, and materials necessary to be purchased during the progress of the partnership work. In striking an account between the parties, error was committed in charging appellant with certain stock and materials bought for the benefit of the firm.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial, after a trial and findings in favor of defendant for $565.75. Reversed.

*Stiles W. Burr* and *Morton Barrows,* for appellant.

*Horton & Denegre,* for respondent.

LEWIS, J.

Appellant commenced this action to recover $536.11, which he alleged was had and received by respondent and converted by him. The answer denied the conversion, and as a "cross-bill" alleged that May 6, 1903, appellant and respondent entered into a verbal contract of copartnership for the purpose of conducting the general business of railroad contractors and constructors, under the firm name of Lizee & Robert, appellant to furnish the working capital, equipment, and plant, and respondent to devote his entire time, energy, and ability to the

[1] Reported in 104 N. W. 836.

business; that profits and losses were to be divided in the proportions of three-fourths to appellant and one-fourth to respondent; that between May 12 and November 23, 1903, the firm constructed a portion of what is known as the Preston-Isinours Line of railroad at a net profit of $8,000, no part of which respondent received, except $1,252.19; that about November 23, 1903, appellant wrongfully took exclusive possession of the partnership assets, books, accounts, and stock, for the purpose of cheating and defrauding respondent out of his interest in the business; and, regardless of his rights, appellant caused false and fraudulent entries to be made in the books, and converted to his own use all of the partnership assets, and refused to have an accounting of the copartnership. Judgment was demanded that the copartnership be dissolved, that an accounting be had, and that the property of the firm be sold, the partnership debts paid, and the surplus, if any, divided between the parties.

Appellant replied to this answer, admitting the copartnership agreement entered into May 5, 1903, under the name of Lizee & Robert, and that respondent was to have a one-fourth interest in the business and bear one-fourth of the losses and liabilities, and alleged that by the terms of the copartnership agreement respondent should purchase a one-fourth interest in the construction outfit then owned by appellant and valued at $10,000, and upon the payment of such amount the outfit should become firm property, and, further, that respondent might draw $100 per month for the support of himself and family, and all profits in excess of that sum to be applied on the purchase price of his one-fourth interest in the outfit. The reply further admitted the work mentioned in the answer, but denied any greater profit than $4,000, and alleged that November 23, 1903, appellant and respondent had an accounting and settlement of their copartnership business, and that it was then agreed between them that the copartnership be dissolved; that respondent received $144.50, in addition to what he had already been paid, in full satisfaction and discharge of his claims and rights to the profits of the business; that respondent was absolved from his agreement to purchase a one-fourth interest in the outfit, and thereafter the property belonged to appellant.

The parties went to trial, and the court found that the copartnership was formed; that the Preston-Isinours railroad work, and certain other

work, as alleged, was performed at a net profit to the firm of $7,271,77; that respondent had not agreed to purchase a one-fourth interest in the outfit, as alleged by appellant; that there had never been any accounting or settlement between the parties; and that respondent had not sold his interest in the business to appellant. The court further found that, after the work above mentioned had been completed by the firm, appellant took a contract for certain railway construction work in his own name, at Lee's Summit, Missouri, to which point the outfit was shipped, respondent assisting thereat, and that in December, 1903, without respondent's knowledge or consent, appellant caused all the transactions of the firm to be closed on the books and all the profits thereof to be credited to himself, claiming that he had made settlement with respondent; that respondent, on learning of appellant's conduct, repudiated such acts and refused to be bound thereby or to be longer associated in business with appellant, and January 20, 1904, appropriated the sum of $536.11 to his own use, money sent him by appellant; $500 being drawn from the personal account of appellant in the Merchants' National Bank, St. Paul, and being the money which appellant seeks to recover in this action. The court then made an accounting between the parties, and found as an ultimate conclusion that respondent was entitled to recover from appellant the sum of $565.75, together with his costs and disbursements.

Appellant insists that the only problem before the trial court taking the history of the firm from its inception as detailed by the parties, their witnesses, books, and accounts, was whether or not on January 20, 1904, respondent converted to his own use money which belonged to appellant. The taking of the money having been admitted, the question of respondent's liability turned upon whether or not he was at that time a member of the firm of Lizee & Robert, and whether that money belonged to the copartnership. Such being the ultimate issue and purpose of the trial, all of the other propositions discussed and determined were merely incidental, as bearing directly upon the question of respondent's right to appropriate the money, and it became necessary to determine whether or not the copartnership had been dissolved and the affairs of the firm settled prior to that time.

If respondent sold out his interest, as alleged in the reply, and on January 20 had ceased to be a member of the firm of Lizee & Robert,

and took money which belonged to appellant personally and which had been sent him either as an employee or as a member of the new firm of Lizee & Co., then his justification fails, and he has shown no right, title, or interest in the money. On the other hand, if by the so-called cross-bill respondent successfully tendered an issue of accounting, then there were two issues before the court: First, whether there had been a dissolution and settlement of the copartnership November 23, as alleged by appellant; and, second, if there had been no dissolution and settlement, the copartnership having continued in existence, respondent was entitled to an accounting and judgment for whatever balance might be due him.

The trial court proceeded upon the theory that, in failing to demur to the new matter pleaded as a cross-bill in the answer, appellant waived his right to object to an accounting in case the court should find that the partnership had terminated. As already stated, appellant claimed and testified that he was to furnish the outfit which he owned at the time the partnership was formed, estimated at a value of $10,000, and that respondent was to purchase a one-fourth interest therein. Adopting the general allegations of the answer, the court found that according to the copartnership agreement appellant was to furnish all necessary working capital, equipment, and plant for the business, and that respondent did not agree to purchase any interest therein. The evidence was conflicting as to the alleged purchase, and the court was justified in accepting respondent's statement in that respect; but we fail to find any evidence in the record tending to show that when the copartnership was formed appellant agreed to furnish not only the outfit which he then owned, but also to furnish such additional outfit as might be required in the progress of the work. Respondent did not so testify at the trial; but, on the contrary, his conduct and the acts of the firm in the prosecution of the business indicate that such was not the arrangement. While the Preston-Isinours work was going on, additional horses, harness, and tools were needed, and were purchased with the firm's money and charged to the expense of that work. If those items were regarded as a partnership expense, then upon what ground, in an accounting, should appellant be charged with that expense and not the firm? The ground suggested by respondent is that appellant is in no position to raise this point, because he took possession of the property

and shipped the same to Lee's Summit, and has ever since retained possession, and in December, 1902, caused the books to be written up and himself charged with this property.

The proposition comes down to this: If on November 23 respondent sold out his interest in the company, then there was no need of an accounting and he had no right to retain appellant's money. On the other hand, if he did not sell out, and there was no dissolution of the firm and no settlement of its affairs, then upon an accounting appellant was entitled to be credited with every item of expense which he incurred on behalf of the firm during its existence. The relation of the parties was not changed by the mere fact that appellant removed the outfit and the books to Lee's Summit, after completing the work on which they were engaged in Minnesota, and kept possession of the property. Their respective rights did not depend upon whether or not appellant had possession of the property, but upon its value as of the date when appellant claims to have dissolved the partnership. If at that time the firm's property, horses, harness, and implements, which had been purchased for its benefit, had deteriorated in value, then appellant, who retained possession thereof, should be charged only with the reasonable value at that time. On the other hand, if the value had increased, he should account for its true value.

There are other items in reference to which it is seriously claimed the court was mistaken in making the accounting; but it is unnecessary to determine the correctness of the decision in this respect. Having concluded that error was committed in striking the account, we deem it wise to order a new trial as to all issues. The case is very complicated, seems to have been tried under a partial misunderstanding of the facts and as to the issues, and it seems doubtful whether the evidence received was of sufficient scope to develop the true condition of the copartnership. Justice will be more likely to be attained by a new trial of all the issues.

Order reversed and new trial granted.